


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HOWARD VINCENT SHIELDS, III, | § | |
| TDCJ-CID No. 01431601, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-245-Z-BR |
| | § | |
| G. WHITFIELD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**DISMISSING CIVIL RIGHTS COMPLAINT**

Plaintiff Howard Vincent Shields, III, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to 42 U.S.C. § 1983 complaining against the above-referenced Defendants and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is DISMISSED with prejudice.

**FACTUAL BACKGROUND**

Plaintiff alleges that on September 17, 2016, while playing basketball during recreation time, he fell and suffered a broken leg. *See* ECF No. 3, at 4. Plaintiff sues (1) Defendant G. Whitfield, the Warden of the TDCJ Clements Unit where the accident occurred; (2) Defendant R. Marez, the Assistant Warden; and Defendant G. Sanmiguel, the "safety officer" of the Clements Unit. *See id.* Specifically, Plaintiff claims he was walking on the basketball court and hit a "slick spot," causing him to fall. *Id.* Plaintiff claims the Defendants "failed to make sure it was safe to

play on" and/or "failed to report" any known safety issues *Id.* at 4.

In Plaintiff's jurisdiction and venue attachment to his Complaint, Plaintiff alleges his suit is brought pursuant to § 1983. *See* ECF No. 6, at 1. Plaintiff argues Defendants violated his rights under the Eighth Amendment. *Id.* Plaintiff seeks declaratory relief, compensatory and punitive damages. *Id.*

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment and imposes a duty on prison officials to provide humane conditions of confinement

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

and to take reasonable steps to ensure the safety of those confined by the State. *Farmer v. Brennan*, 511 U.S. 825, 831–33 (1994). In the context of a claim such as Plaintiff's, the dictates of the Eighth Amendment are not violated unless it is shown that the Defendant acted with deliberate indifference to conditions that posed a substantial risk of serious harm. *Id.* at 834. Under this standard, the prison official must have had subjective and actual knowledge of the risk of serious harm; it is not enough that the prison official should have perceived or known of a risk of serious harm. *See id.* at 837–38 (a prison official's failure to alleviate a risk that he should have perceived but did not, "while no cause for commendation, cannot … be condemned as the infliction of punishment."). Deliberate indifference encompasses only " 'unnecessary and wanton infliction of pain.' " *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). Constitutional liability will not be imposed merely because a risk was obvious and a reasonable prison official would have acted differently than the defendant. *See Farmer*, 511 U.S. at 841-42. Negligence—even negligence that causes physical injury—does not amount to a constitutional violation. *See Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir. 1987) (holding that a prisoner's allegation of negligence was insufficient to state a claim under either the Due Process Clause, the Equal Protection Clause, or the Eighth Amendment).

In short, accidents that occur as a result of negligent action or inaction at a prison facility do not rise to the level of a constitutional violation actionable under § 1983. *See Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (explaining that a claim for damages resulting from inmate's slip and fall on water from leaking air conditioning unit was not actionable under § 1983).

Plaintiff has not alleged that any of the Defendants intentionally placed him in a dangerous situation for the purpose of causing him harm. To the contrary, the basis of Plaintiff's Complaint

is that Defendants acted negligently; he refers to the incident in his complaint as an "accident" and he alleges that Defendants "neglected" their duties. Plaintiff's allegations demonstrate, at most, negligence. *See Marsh*, 53 F.3d at 712. Claims of negligence do not become constitutional claims merely because the Plaintiff is a prisoner. *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *see also Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that a prisoner cannot "constitutionalize what is otherwise only a state-law tort claim."). Because negligence is not a cognizable basis for a claim under § 1983, Plaintiff has failed to state a claim upon which relief can be granted. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). Plaintiff's negligence claim is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Civil Complaint filed by Plaintiff be DISMISSED with prejudice.

**SO ORDERED.**

December 7, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE